UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina 28612<br><br>  Petitioner<br><br>v.<br><br>PAMELA LOTHIAN<br>10875 Campaign Court<br>Manassas, Virginia 20109<br><br>and<br><br>THE NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS<br>2nd Floor<br>9509 Key West Avenue<br>Rockville, Maryland 20850<br><br>  Respondents | NASD Case No.: 04-007347<br><br>Civil Action No.: 1:07-CV-00334 RJL |

## AMENDED PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Amended Petition to Confirm Arbitration Award and states as follows:

1. Counsel for Respondent Pamela Lothian has agreed to accept service for her. Further, counsel for both Respondents have consented to the filing of this Amended Petition.

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. *See* Exhibit 1.

3. The instant matter was originally a private arbitration action initiated by Respondent Pamela Lothian against the Petitioner with the National Association of Securities

1

Dealers ("NASD") in the District of Columbia. The action had the NASD Case Number 04-007347.

4. The action was scheduled for an arbitration in the District of Columbia but was resolved prior to the arbitration.

5. After resolution of the case, the parties submitted a Stipulated Award to the NASD's own three-member arbitration panel overseeing this action.

6. At the end of February of 2006, the NASD's own three-member arbitration panel executed the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7. At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8. Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction." (*See* NASD Rule 10330.)

9. Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

10. The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

11. Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12.  In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13.  Both parties to this case agreed with all of the relief set forth in the Stipulated Award and the NASD's own three-member arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein.

14.  Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15.  In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th of March 2007, a copy of the foregoing was filed with the ECF system with notice being given to the following:

Terri L. Reicher, Esq.
NASD Registration and Disclosure Department
2nd Floor
9509 Key West Avenue
Rockville, Maryland 20850
*Counsel for the Respondent NASD*


William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Lothian*

George S. Mahaffey Jr.

## Stipulated Award
### NASD Dispute Resolution

In the Matter of the Arbitration Between:

Name of the Claimant
Pamela Lothian

Case Number: 04-07347

Names of the Respondents
Legacy Financial Services, Inc.
Joseph Karsner

Hearing Site: Washington, D.C.

Nature of the Dispute: Customer vs. Member and Associated Person.

### REPRESENTATION OF PARTIES

Claimant, Pamela Lothian, "Claimant", was represented by William B. Young, Jr., Esq., Hooper & Weiss, L.L.C., Orlando, Florida.

Respondents, Legacy Financial Services, Inc. ("Legacy Financial") and Joseph Karsner ("Karsner"), hereinafter collectively referred to as "Respondents", were represented by Jeffrey J. Hines, Esq., and George S. Mahaffey, Jr., Esq., Goodell, DeVries, Leech & Dann, LLP, Baltimore, Maryland.

### CASE INFORMATION

Statement of Claim filed on October 19, 2004.
Claimant signed the Uniform Submission Agreement on August 24, 2004.
Statement of Answer filed by Respondents on December 13, 2004.
Motion to Dismiss filed by Respondents on February 21, 2005.
Claimant filed a Response to the Motion to Dismiss on March 1, 2005.

### CASE SUMMARY

Claimant in her Statement of Claim asserted the following cause of action: unsuitability. The cause of action relates to the purchase of shares in American Skandia and John Hancock mutual funds.

Unless specifically admitted in its their Answer, Respondents denied the allegations made in the Statement of Claim and asserted various defenses.

### RELIEF REQUESTED

Claimant in her Statement of Claim and Amended Statement of Claim requested:
    Compensatory Damages               $104,638.00

EXHIBIT 1

NASD Dispute Resolution
Arbitration No. 04-07347
Award  Page 2

| | |
|---|---|
| Punitive Damages | amount unspecified |
| Interest | amount unspecified |
| Attorneys' Fees | amount unspecified |
| Other Costs | amount unspecified |

Respondents in their Statement of Answer and Motion to Dismiss requested that Claimant's Statement of Claim be dismissed in its entirety and that the Arbitration Panel (the "Panel") award the Respondents' forum fees, attorneys' fees and any other costs and fees incurred by Respondents in defending this action.

### OTHER ISSUES CONSIDERED AND DECIDED

Respondents did not file with NASD Dispute Resolution properly executed submissions to arbitration but are required to submit to arbitration pursuant to the Code and, having answered the claim, are bound by the determination of the Panel on all issues submitted.

By Order dated April 22, 2005 the Panel denied Respondents' Motion to Dismiss.

On or about December 5 2005 the parties entered into an agreement to settle this matter on certain terms and conditions set forth in a confidential settlement agreement.

The parties agreed that the Respondents are not liable for the counts listed in the Statement of Claim and Amended Statement of Claim, that the investments at issue were suitable, and that the Stipulated Award for this matter may be executed in counterpart copies.

### AWARD

The parties entered into an agreement to present to the Panel a Stipulated Award. Upon motion of all parties for a Stipulated Award and Claimant's agreement, as a result of information and documents received during the discovery process, that all investments at issue were suitable and that the Respondents are not liable for any of the counts in the Statement of Claim and Amended Statement of Claim; the Panel finds that the claims, allegations and information contained in the Statement of Claim and Amended Statement of Claim are clearly erroneous and that the Respondents were not involved in the alleged investment-related sales practice violations. The Panel hereby grants the parties' motion and enters this award granting the following relief:

1. Pursuant to the confidential settlement agreement reached between all parties, all claims against Respondents are dismissed with prejudice;

2. The Panel recommends the expungement of all reference to the above-captioned arbitration from Respondent Karsner's registration record maintained by the NASD Central Registration Depository ("CRD"), with the understanding that, pursuant to NASD Notice to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive. Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an

02/14/2006 16:55 FAX  202 728 8082          NASD DISPUTE RESOLUTION                    ☐006/014

NASD Dispute Resolution
Arbitration No. 04-07347
Award  Page 3

arbitration award containing expungmenet relief must name NASD as an additional party and serve NASD with all appropriate documents.

Pursuant to Rule 10330, the Panel has made the following affirmative findings of fact: the claim, allegation or information is clearly erroneous and the registered person was not involved in the alleged investment-related sales practice violation;

3. The parties shall bear their own costs, including attorneys' fees, except as fees are specifically addressed below; and

4. Any and all relief not specifically addressed herein, including punitive damages, is denied in its entirety.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
    Initial claim filing fee                            = $ 300.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person(s) at the time of the events giving rise to the dispute. Accordingly, Respondent Legacy Financial is a party.
    Member surcharge                                  = $1,700.00
    Pre-hearing process fee                           = $ 750.00
    Hearing process fee                                = $2,750.00
    Total Member Fees                                 = $5,200.00

**Forum Fees and Assessments**
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) Pre-hearing sessions with Panel @ $1,125.00 | | | = $2,250.00 |
| Pre-hearing conferences: | March 14, 2005 | 1 session | |
| | April 22, 2005 | 1 session | |
| Total Forum Fees | | | = $2,250.00 |

1. The Panel has assessed $750.00 of the forum fees to Claimant
2. The Panel has assessed $750.00 of the forum fees to Respondent Legacy Financial.
3. The Panel has assessed $750.00 of the forum fees to Respondent Karsner.

02/14/2006 16:55 FAX  202 728 8082        NASD DISPUTE RESOLUTION                    ☒007/014

NASD Dispute Resolution
Arbitration No. 04-07347
Award  Page 4

## FEE SUMMARY

1. Claimant is assessed and shall pay the following fees:

   | | |
   |---|---|
   | Initial Filing Fee | = $   300.00 |
   | Forum Fees | = $   750.00 |
   | Retained Hearing Session Deposit | = $   375.00 |
   | Total Fees | = $1,425.00 |
   | Less payments | = $1,425.00 |
   | Balance Due NASD Dispute Resolution | = $     00.00 |

2. Respondent Legacy Financial is assessed and shall pay the following fees:

   | | |
   |---|---|
   | Member Fees | = $5,200.00 |
   | Forum Fees | = $   750.00 |
   | Total Fees | = $5,950.00 |
   | Less payments | = $5,200.00 |
   | Balance Due NASD Dispute Resolution | = $   750.00 |

3. Respondent Karsner is assessed and shall pay the following fees:

   | | |
   |---|---|
   | Forum Fees | = $   750.00 |
   | Total Fees | = $   750.00 |
   | Less payments | = $     00.00 |
   | Balance Due NASD Dispute Resolution | = $   750.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Robert O. Harris, Esq. | - | Public Arbitrator, Presiding Chairperson |
| Stanley H. Ragle, Esq. | - | Public Arbitrator, Panelist |
| Wendie L. Wachtel | - | Non-Public Arbitrator, Panelist |

NASD Dispute Resolution
Arbitration No. 04-07347
Award Page 5

Concurring Arbitrators' Signatures

_[signature]_         2/13/06
Robert O. Harris, Esq.         Signature Date
Public Arbitrator, Presiding Chairperson

_____         _____
Stanley H. Ragle, Esq         Signature Date
Public Arbitrator, Panelist

_____         _____
Wendie L. Wachtel         Signature Date
Non-Public Arbitrator, Panelist

2/14/06
Date of Service (For NASD Dispute Resolution office use only)

02/14/2006 16:56 FAX  202 728 8082         NASD DISPUTE RESOLUTION                    ☑009/014

NASD Dispute Resolution
Arbitration No. 04-07347
Award   Page 5

### Concurring Arbitrators' Signatures

_____                                    _____
Robert O. Harris, Esq.                                         Signature Date
Public Arbitrator, Presiding Chairperson


*[signature: Stanley H. Ragle]*                                 2/19/06
_____                                    _____
Stanley H. Ragle, Esq                                          Signature Date
Public Arbitrator, Panelist


_____                                    _____
Wendie L. Wachtel                                              Signature Date
Non-Public Arbitrator, Panelist


Date of Service (For NASD Dispute Resolution office use only)

02/14/2006 16:56 FAX 202 728 8082   NASD DISPUTE RESOLUTION   ☑010/014
DEC-12-'13 FRI 19:4  ID:            FAX NO:                 #489 P02
02/08/2006 17:07 FAX 202 728 8082   NASD DISPUTE RESOLUTION  ☑007/007

NASD Dispute Resolution
Arbitration No. 04-07347
Award Page

Concurring Arbitrators Signatures

_____
Robert O. Harris, Esq.,
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
Stanley H. Raymond, Esq.
Public Arbitrator, Panelist

_____
Signature Date

_Wendie L. Wachtel_
Wendie L. Wachtel
Non-Public Arbitrator, Panelist

2/10/06
Signature Date

_____
Date of Service (For NASD Dispute Resolution office use only)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina 28612<br><br>    Petitioner<br><br>v.<br><br>PAMELA LOTHIAN<br>10875 Campaign Court<br>Manassas, Virginia 20109<br><br>and<br><br>THE NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS<br>2nd Floor<br>9509 Key West Avenue<br>Rockville, Maryland 20850<br><br>    Respondents | NASD Case No.: 04-007347<br><br>Civil Action No.: 1:07-CV-00334 RJL |

## ORDER

Having considered Petitioner's Amended Petition to Confirm Arbitration Award and after considering the record as a whole, it is this _____ day of _____ 2007, hereby:

**ORDERED** that Petitioner's Amended Petition to Confirm Arbitration Award shall be and is **GRANTED** and that the Stipulated Award entered in the NASD action styled *Lothian v. Legacy et al.*, NASD No.: 04-007347 is confirmed thereby granting all relief set forth in the Stipulated Award.

 

_____
Judge, United States District Court for the
District of Columbia

Copies to:

George S. Mahaffey Jr., Esq.
Jeffrey J. Hines, Esq.
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for Petitioner*

Terri L. Reicher, Esq.
NASD Registration and Disclosure Department
2nd Floor
9509 Key West Avenue
Rockville, Maryland 20850
*Counsel for the Respondent NASD*

William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Lothian*