IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| JOSEPH R. KARSNER, IV, | * | |
| PETITIONER, | * | |
| V. | * | CIVIL ACTION NO. 1:07-CV-00334-RJL |
| PAMELA LOTHIAN AND THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, | * * | |
| RESPONDENTS. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF PETITIONER, JOSEPH R. KARSNER, IV
IN OPPOSITION TO THE MOTION TO RECONSIDER BY
THE MARYLAND SECURITIES COMMISSIONER**

Petitioner, Joseph R. Karsner, IV ("Karsner"), by his attorneys, submits this Memorandum in Opposition to the Motion for Reconsideration of this Court's Order of April 9, 2007 denying the Maryland Securities Commissioner's Motion to Intervene in the above-captioned case.

1. On February 12, 2007, Petitioner filed his Petition (which he subsequently amended) to Confirm an Arbitration Award which was entered on or about February 13, 2006. Respondent NASD filed a response stating that it did not oppose the confirmation of the Arbitration Award and Respondent Lothian, who consented to the expungement award, did not file any response.

2. On or about March 20, 2007, after the deadline for responding to the amended petition for confirmation passed without any opposition, the Maryland Securities Commissioner filed a motion seeking to intervene for the purpose of opposing confirmation of the Arbitration Award.

3. On April 2, 2007, Petitioner Karsner filed his opposition to the Securities Commissioner's motion to intervene arguing that the Motion to Intervene was futile because it was barred by the statute of limitations under Section 12 of the Federal Arbitration Act (9 U.S.C. §12) and because the Motion to Intervene did not allege grounds sufficient for judicial review of an arbitration award under 9 U.S.C. §9.

4. On April 9, 2007, this Court entered a Minute Order denying the motion of the Maryland Securities Commissioner to intervene in this case. Thereafter, on April 12, 2007, this Court entered a Minute Order granting the Amended Petition for Confirmation of the Arbitration Award.

5. The Maryland Securities Commissioner now seeks reconsideration of this Court's Order denying her Motion to Intervene in this case.

For the reasons set forth below, the Commissioner's present Motion for Reconsideration is entirely without merit and should be *denied*.

A. *The Commissioner's Motion To Reconsider Does Not Satisfy Applicable Legal Standards.*

Rule 60(b) provides the legal reasons for which a court may relieve a party from a court's order. The grounds for such relief include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or

2

other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason justifying relief from the operation of the judgment. A careful review of the Commissioner's Motion for Reconsideration reveals that none of these standards has been satisfied and, therefore, the Motion for Reconsideration should be denied.

It is plain that the Commissioner has not presented any new evidence or showing of mistake, inadvertence, or any of the other standards for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Rather, the Commissioner is attempting to use the Motion for Reconsideration as a vehicle for rearguing her intervention motion which was duly considered and denied by this Court. In effect, the Commissioner has presented the Court with a reply memorandum to Petitioner Karsner's opposition to the Commissioner's motion for intervention and has simply labeled it a Motion for Reconsideration. The present Motion for Reconsideration attempts to raise arguments not made in the Commissioner's initial Motion for Intervention. Moreover, the reasons asserted by the Commissioner in support of her Motion for Reconsideration are insubstantial, unsupported by legal authority and essentially frivolous.

### B. *The Commissioner's Argument That Her Motion To Intervene Is Not Covered By The Federal Arbitration Act Is Without Merit.*

The Commissioner argues that the Federal Arbitration Act ("FAA") is not controlling with respect to her Motion to Intervene because the NASD arbitration panel *"recommended"* expungement rather than *"awarding"* expungement. The Commissioner contends that the NASD Arbitration Award merely states that expungement is a

recommendation. From this incorrect assertion, the Commissioner reaches the erroneous conclusion that the Federal Arbitration Act is inapplicable. However, a review of the actual award issued by the NASD (a copy of which is attached to Petitioner Karsner's Petition for Confirmation) demonstrates that the NASD Arbitration Panel clearly granted the requested expungement relief:

## AWARD

The parties entered into an agreement to present to the Panel a Stipulated ward. Upon motion of all parties for a Stipulated Award and Claimant's agreement, as a result of information and documents received during the discovery process, that all investments at issue were suitable and that Respondents are not liable for any of the counts in the Statement of Claim and Amended Statement of Claim; the Panel finds that the claims, allegations and information contained in the Statement of Claim and Amended Statement of Claim are clearly erroneous and that the Respondents were not involved in the alleged investment-related sales, practice violations. The Panel hereby grants the parties' motion and enters this Award granting the following relief:

1. Pursuant to the Confidential Settlement Agreement reached between all parties, all claims against Respondents are dismissed with prejudice;
2. The Panel recommends the expungement of all reference to the above-captioned arbitration from Respondent Karsner's registration record maintained by the NASD Central Registration Depository ("CRD"), with the understanding, pursuant to NASD Notice to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive. Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents.

\*   \*   \*

There can be no question that the NASD Arbitration Panel granted the joint request for expungement of Petitioner Karsner's CRD records. In any event, the use of the word *"recommendation"* hardly changes the thrust of the determination by the NASD Arbitration Panel. The award of expungement relief is set forth under the heading "AWARD" and in Paragraph 2 is described as *"the expungement directive."* The Commissioner's argument is entirely without merit and must be rejected.

In the case of *Alston v. UBS Financial Services, Inc.*, 2006 WL 20516 (D.D.C. Jan. 2, 2006) (Kennedy, J.), this Court was also presented with a "recommendation" by a NASD arbitration panel for the expungement of the Alston arbitration claim from the broker's registration records as part of the confirmation of the NASD arbitration panel's award. *Id.* This Court had no difficulty granting confirmation of that award. Thus, the Commissioner's argument that the FAA is not applicable because of the recommendation language in the award is entirely unfounded.

### C. *The Commissioner's Contention That She Is Not Bound By The Limitation Period Under 9 U.S.C. §12 Is Wrong.*

The Commissioner also argues that she, as an intervenor, is not a *"party"* for purposes of the application of the three month limitation period under Section 12 of the FAA. This is patently incorrect.

The Commissioner acknowledges that under 9 U.S.C. §12, a motion to vacate, modify or correct an arbitration award must be served upon the adverse party within three months after the award is filed or delivered. The Commissioner contends that because she is not a party, but rather a prospective intervenor in the underlying

5

confirmation action, she is not bound by the three month limitation provided under 9 U.S.C. §12. Not only is this argument advanced by the Commissioner unsubstantiated by any statute or case law, it also defies legal logic. Obviously, if the parties to a confirmation proceeding only have three months in which to seek to vacate or modify an arbitration award, how can any person seeking to intervene have a greater time limit in which to make such motion? The Commissioner fails to recognize the basic rule that an intervenor does not have a greater or enhanced legal status than that of the original parties. Indeed, other than the bare assertion of this argument, the Commissioner provides no legal authority for this highly unusual theory.

For the above-stated reasons, the Commissioner's Motion for Reconsideration must be *denied*.

>Respectfully submitted,
>
>_____/s/_____
>Richard J. Magid
>Whiteford, Taylor & Preston, LLP
>Seven Saint Paul Street – 15th Floor
>Baltimore, MD  21202
>(410) 347-8700
>
>George S. Mahaffey, Jr., Esquire
>Goodell, DeVries, Leech & Dann, LLP
>One South Street, 20th Floor
>Baltimore, MD  21202
>(410) 783-4000
>
>*Attorneys for Respondent,*
>*Joseph R. Karsner, IV*

Dated: April 24, 2007
*1732811*