IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| JOSEPH R. KARSNER, IV, | * | |
| Petitioner, | * | NASD Case No.: 04-07347 |
| | | Civil Action No.: 1:07-cv-00334-RJL |
| v. | * | |
| PAMELA LOTHIAN  and | * | |
| THE NATIONAL ASSOCIATION OF | | |
| SECURITIES DEALERS, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF THE
MARYLAND SECURITIES COMMISSIONER'S
MOTION FOR A STAY PENDING APPEAL

INTRODUCTION

Maryland Securities Commissioner, Melanie Senter Lubin, seeks to stay this Court's order of April 12, 2007, granting petitioner's Petition for Confirmation of Arbitration Award, pending the outcome of the Securities Commissioner's appeal of the Court's order denying her Motion to Intervene in this action.  As grounds for appeal, the Securities Commissioner intends to argue that this Court lacked subject matter jurisdiction to hear this case based upon the reasoning set forth in Shirley v. Balsamello et al., No. 06-cv-03414 (N.D. Ill. April 26, 2007), a decision issued by the United States District Court for the Northern District of Illinois subsequent to this Court's order confirming petitioner's arbitration award.  Absent the issuance of a stay of the Court's order of April 12, 2007, the NASD may expunge a state record that forever will be unavailable to the Securities Commissioner.

PROCEDURAL BACKGROUND

On February 12, 2007, Petitioner initiated this proceeding by filing a petition to confirm a stipulated arbitration award entered in February 2006, naming as Respondents Pamela Lothian, the complainant in the arbitration proceeding, and the National Association of Securities Dealers ("NASD").[1]

On or about March 20, 2007, the Securities Commissioner filed a Motion to Intervene in this case for the limited purposes of opposing the portion of the arbitration panel's award recommending expungement of the arbitration from Petitioner's CRD records.  The Securities Commissioner's motion was denied on April 9, 2007.

On April 12, 2007, this Court granted the petitioner's Petition for Confirmation of Arbitration Award.

On April 19, 2007, the Securities Commissioner filed a Motion for Reconsideration of the denial of her Motion to Intervene.  That motion was denied on April 27, 2007.

On May 3, 2007, the Securities Commissioner filed a Notice of Appeal of the denial of her Motion to Intervene in this action.  The Commissioner now seeks to stay the NASD's execution of the Court's order of April 12, 2007, pending the outcome of her appeal of the denial of her Motion to Intervene.

ARGUMENT

In determining whether a non-monetary judgment warrants a stay, a Court should consider the following factors: (1) whether the moving party has made a strong showing that it is

---

[1]  Respondent Lothian never entered an appearance in this action, and Respondent NASD filed a line of non-opposition.

likely to prevail on the merits; (2) whether the moving party has shown that denial of a stay will cause irreparable harm; (3) whether the issuance of a stay would substantially harm other parties; and (4) whether the public interest will be served by granting a stay. Omnioffices, Inc. et al. v. Kaidanow et al., 201 F. Supp. 2d 41, 44 (D.D.C. 2002); *see also*, Virginia Petroleum Jobbers Association v. Federal Power Commission, 259 F.2d 921, 925 (C.A.D.C. 1958). The Securities Commissioner meets all four standards.

I.      The Securities Commissioner is likely to prevail on the merits.

        In evaluating whether a party is likely to prevail on the merits, the D.C. Circuit has held that "the court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, . . . may grant a stay even though its own approach may be contrary to movant's view of the merits. The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (C.A.D.C. 1977).

        Based upon the reasoning set forth in the Shirley decision, this Court lacks subject matter jurisdiction to hear this case and the Court's decision confirming the arbitration award should be reversed. On the civil cover sheet accompanying petitioner's initial petition for confirmation of arbitration award, petitioner selected "federal question" as the basis for the Court's jurisdiction. However, as stated by the Illinois District Court in Shirley, the Federal Arbitration Act does not provide a basis for federal subject matter jurisdiction. *See* Shirley decision attached as Exhibit 1; *see also* Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 (1983).

        In his amended petition to confirm the arbitration award, petitioner argued that the Court's subject matter jurisdiction is based upon diversity of citizenship. Without any

clarification, petitioner simply stated that the amount in controversy exceeds $75,000 and attached as an exhibit the arbitration panel's stipulated award.  As discussed in the <u>Shirley</u> decision, however, the amount in controversy should not be determined by the amount of damages alleged in the underlying arbitration.  Petitioner did not pay any damages as part of the settlement of the arbitration proceeding.  Instead, the payment of $47,000 was made by petitioner's former employer, Legacy Financial Services, who is not affected by the Court's decision.  Likewise, Respondent Lothian to whom the payment was made has declined to appear in this confirmation proceeding.  The amount of the monetary settlement is not at issue; in fact, it more than likely has already been paid by Legacy.

The only issue before this Court is the confirmation of the arbitration panel's "recommendation" that petitioner's arbitration be expunged from his CRD records.  As indicated in the <u>Shirley</u> decision, "[i]t is not clear what monetary value, if any, an expungement recommendation has."  <u>Shirley</u>, at 1.  The monetary value of the expungement recommendation was not addressed in petitioner's amended petition for confirmation.

The Securities Commissioner urges that petitioner has failed to establish that this Court has subject matter jurisdiction to hear this case and that this Court's order confirming the arbitration award should be reversed.

II.    <u>The denial of a stay will cause irreparable harm to the Securities Commissioner.</u>

The Court's order of April 12, 2007 directs the NASD to expunge from the CRD all references to the arbitration filed by Respondent Lothian against Petitioner Karsner.  The Securities Commissioner relies on the contents of CRD, including customer complaint and arbitration information, in making decisions relating to the approval or denial of a securities

- 4 -

professional's registration application and in determining whether to take disciplinary action against a professional. The Securities Commissioner also makes available to investors seeking information relating to securities professionals with whom to entrust their investment funds, disciplinary and other information contained on CRD. Absent the issuance of a stay, the records relating to the arbitration will be removed from the Securities Commissioner's consideration, including those relating to investor protection, thus impairing her ability to fulfill her statutory duties under the Maryland Securities Act.

There is no compensatory or other corrective relief that will adequately compensate for the harm that will be caused by the removal of the facts surrounding the arbitration from petitioner's CRD records. *See* Virginia Petroleum Jobbers Association, 259 F.2d at 925.

III.     Issuance of the stay will not cause substantial harm to other parties.

Respondents Lothian and NASD will not be harmed by the issuance of a stay in this matter. Any harm to Petitioner Karsner caused by the delay in expunging the arbitration from his CRD record as a result of the stay will be minimal and will more than be outweighed by the irreparable harmed caused to the Securities Commissioner if the stay is not granted.

IV.     The public interest will be served by granting a stay.

The primary purpose behind the Maryland Securities Act is investor protection. In carrying out her duties under the Act, the Securities Commissioner is charged with adopting and implementing rules that are necessary or appropriate in the public interest or for the protection of investors. *See* Md. Code Ann., Corps. and Ass'ns., §11-203 (1999 Repl. Vol. & Cum. Supp. 2006).

A vital tool in carrying out the Securities Commissioner's investor protection

responsibilities is the record-keeping maintained on CRD that ensures that the investing public

can have access to information that is material to its selection of securities professionals handling

its investment funds.  That information includes the disciplinary history of those professionals.

The same information is used by the Securities Commissioner in her decision whether to deny

the application of, or revoke the license of, a securities professional based upon her

determination that the professional's actions pose a harm to the investing public.

   The expungement of the facts of the arbitration from petitioner's CRD records will

remove that information from consideration of the Securities Commissioner and impair her

ability to make an informed decision with respect to any future licensing application request

submitted by petitioner.  That same information will be removed from consideration of an

investor who is considering whether to select Karsner as the securities professional to handle

his/her investment funds.

   WHEREFORE, the Securities Commissioner requests that this motion be granted or,

alternatively, that a hearing be set in this matter.

        Respectfully submitted,

        Douglas F. Gansler
        Attorney General of Maryland


        _____/s/_____
        Kelvin M. Blake
        Assistant Attorney General
        Division of Securities
        200 St. Paul Place, 25th Floor
        Baltimore, MD 21202
        410/576-7783

_____/s/_____

Lucy Cardwell
Assistant Attorney General
Division of Securities
200 St. Paul Place, 25th Floor
Baltimore, MD 21202
410/576-6337

May 11, 2007

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3414 | **DATE** | 4/26/2007 |
| **CASE TITLE** | Robert Craig Shirley vs. Paul Balsamello | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court dismisses this suit without prejudice for lack of subject matter jurisdiction and strikes as moot the Illinois Secretary of State, Securities Department's motions to intervene and dismiss [doc. nos. 17 & 20].

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

# Exhibit 1

06C3414 Robert Craig Shirley vs. Paul Balsamello

Robert Craig Shirley has filed an amended application to confirm an arbitration award entered by NASD Dispute Resolution, Inc. on June 24, 2005. The award resolved a complaint Paul Balsamello lodged against Shirley, and Shirley's employer RBC Dain Rauscher Inc. ("RBC"), regarding their handling of Balsamello's brokerage account. Balsamello claimed that Shirley recommended unsuitable investments to him and churned his account, and RBC failed to supervise Shirley appropriately, causing Balsamello to lose more than $400,000.00.

The arbitrators: (1) "sustained the claim of failure to supervise against RBC . . . finding that the concentration of investments became unsuitable for Claimant and rejected the claims of fraud, omission of facts, churning, breach of fiduciary duty and misrepresentation"; (2) ordered "RBC . . . [to] pay to Paul Balsamello the sum of $226,794.00 . . . as compensatory damages"; and (3) "recommend[ed] the expungement of all reference to this claim from . . . Shirley's registration records maintained by the NASD Central Registration Depository." (Am. Application Confirm, Ex. B, Arb. Award 2-3.)

After the award was issued, Shirley filed this application to confirm it. His application is not contested by Balsamello or the NASD, neither of which has appeared in this case. The Illinois Secretary of State, Securities Department ("ISD"), however, opposes the application and has filed a motion to intervene in the suit and a motion to dismiss the amended application.

The first, and as it turns out, the only, issue to be addressed is subject matter jurisdiction. Shirley alleges that Court has both diversity jurisdiction over his amended application and jurisdiction by virtue of the Federal Arbitration Act ("FAA"). (Am. Application Confirm ¶ 4.) The FAA, however, does not provide a basis for federal subject matter jurisdiction. *See Int'l Ins. Co. v. Caja Nacional De Ahorro y Seguro*, 293 F.3d 392, 395 (7th Cir. 2002).

Moreover, diversity jurisdiction exists only if the amount in controversy is more than $75,000.00. 28 U.S.C. § 1332. Shirley alleges that it is, but his allegation is belied both by the arbitration award itself and his amended application to confirm. As noted above, the arbitrators ordered RBC – not Shirley – to pay more than $200,000.00 in damages to Balsamello. RBC is not a party to this proceeding and Balsamello declined to appear in it. Thus, the monetary award is not at issue here. The only aspect of the award that is at issue is the arbitrators' "recommend[ation]" that Balsamello's complaint be expunged from Shirley's NASD records. It is not clear what monetary value, if any, an expungement recommendation has. What is clear, however, is that Shirley has not established that the amount-in-controversy element of diversity jurisdiction is met. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) ("[I]f the court's jurisdiction is challenged as a factual matter . . . [,] the party invoking the jurisdiction bears the burden of supporting its jurisdictional allegations by competent proof . . . . [,*i.e.*,] proof to a reasonable probability that jurisdiction exists." (quotations omitted)).

That leaves federal question jurisdiction, which "arises only when the complaint . . . establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996) (quotation omitted). The cause of action in this case is created by the FAA, which does not create jurisdiction, and the parties' arbitration agreement, a creature of state law. Further, though federal claims were raised in the arbitration, Shirley's confirmation request does not implicate any federal law. His request depends solely on the language of the award. It does not, therefore, invoke the Court's federal question jurisdiction. *See Collins v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 38 (6th Cir. 1996) (no federal question jurisdiction over request to confirm arbitration award because the right to seek confirmation, which was provided by the arbitration agreement, was "clearly a state law matter," though the underlying claims arose from a federal statute); *O'Leary v. Fanghella*, 866 F. Supp. 1119, 1120-21 (N.D. Ill.1994) (stating that a "suit for enforcement of [an arbitration] award" is "the equivalent of a contract claim," which does not implicate federal question jurisdiction).

Because Shirley has not established that the Court has subject matter jurisdiction over it, this suit is dismissed without prejudice. ISD's motions to intervene and dismiss are stricken as moot.